Verlean E. Macon
2801 Midwood Ave
Toledo Oho 43606
419-472-1774

Plaintiff in Pro-Se

FILED

2013 NOV 25  AM 11: 43

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# United States District Court Northern District of Ohio Western Division

| | |
|---|---|
| Verlean E. Macon, | Case No.: 3:12CV2826 |
| Plaintiff, | Judge Jeffery J. Helmick |
| vs. | **Amended Complaint** |
| J.C. Penney Corporation, | Request: Trial by Jury |
| Defendant | |

Statutory Agent:
CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

Now comes Plaintiff, Verlean E. Macon, pro se, and for her **Amended complaint** as to make a clearer presentation of the claims and legal relief against Defendant, states as follows.

## ADMINISTRATIVE PROCEEDINGS

1. On or about August 26, 2011, Plaintiff filed a charge against the Defendant J.C. Penney Corporation., Inc. with the Ohio Civil Rights Commission ("OCRC"), and the U.S. Equal Employment Opportunity Commission (the "EEOC") alleging discrimination

1  against the defendant on the same ground set out in this

2  complaint.

3  2. On or about August 23, 2012, more than 180 days having passed

4  since the filing of the charge, the EEOC issued a Notice of

5  Right to Sue. Exhibit "A." in original claim in court

6

7                          **JURISDICTION**

8  3. This Court has jurisdiction over the claims pursuant to 28

9  U.S.C §§ 1331, and 1343 (a) (4).

10

11                            **PARTIES**

12  4. The Defendant is a corporation organized and operating under

13  the laws of the State of Texas, with its principal place of

14  business in Toledo Ohio.

15  5. Defendant, J.C. Penney Corporation, Inc., employs 15 or more

16  persons and is therefore an "employer" within the meaning of

17  that term under Title VII of the Civil Rights Act o 1964, citing

18  42 U.S.C §2000e, *et seq.*

19  6. Plaintiff was hired by the J.C. Penney Company in Pine Bluff

20  Arkansas October 6th, 1986. She transferred to Toledo Ohio 1989,

21  to Killeen Texas 1994 and transferred back to Toledo Ohio in

22  1996. Plaintiff Religion and belief is in God the Father, His

23  son Jesus Christ, and the Holy Spirit, she is a Christian.

24

25                            **VENUE**

26  7. This court is a proper venue for this action pursuant to 28

27  U.S.C. §§ 139 (b) (1). The acts and events complained of took

28  place within Toledo Ohio this judicial district.

2

**CLAIM FOR RELIEF**

8. This action arises under 703 of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000et seq. Plaintiff, Verlean E. Macon, was hired by the J.C. Penney Company, in Pine Bluff Arkansas October 6th, 1986. She transferred to Toledo Ohio in the year of 1989. Plaintiff transferred to Killeen Texas in 1994 and was promoted to a Senior Hair Designer. Plaintiff returned to Toledo, Ohio store where she was demoted to Designer stylist for ten years. In 2005 she was promoted back to Senior Stylist until her termination.

9. Plaintiff was an above average employee since she began her employment with Defendant's on October 6th, 1986. Plaintiff has a history of seeking justice within the company. She has filed complaints within and outside her place of employment, of hostile work environment, Harassment, and discrimination.

10. Plaintiff has been inspired by God to write two books, her personal spiritual testimonies of her life experiences, self autobiographies. First book title, Before I Made It to The Well, registered in the Library of Congress February 28, 2005. Second book title, The Road to my Desires, registered in the Library of Congress September 24, 2007. "Exhibit" 2, located in the Plaintiffs Brief

11. On May 13, 2011, the associates of Defendant located in Toledo Ohio were given access on the store computers to two documents: which was incorporated into and made a part of each other; named the annual Statement of Business Ethics ("SBE") and the Our integrity Promise "OIP", in signing one you are signing both. Defendant made the signing of these policies a condition

3

of employment. The associates were given a deadline of June 26, 2011 in which to sign the online acknowledgment.

12. Store Manager Pricilla Sherrod became the Plaintiffs client as she first took the position as manager in Ohio. Plaintiff submitted a letter to the store manager on June 26, 2011 to give to corporate attorneys. "Exhibit" B, located in the Plaintiffs Pre-discovery Disclosure.

13. The Defendant ignored Plaintiffs request to have an affidavit that showed an accommodation to her belief.

14. On August 16th, 2011 Plaintiff informed the Human resource personal Lisa Scott of her Spiritual obligation. Introducing "Exhibit" G

15. The Defendant's with intent refused to accommodate Plaintiff Religion showing its conflict with the Equal Employment Opportunity Commission's Guidelines which provide that:

**[T]he duty not to discriminate on religious grounds, required by Section 703(a)(1)of the civil Rights Act of 1964, law requires an employer or other covered entity to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause more than a minimal burden on the operations of the employer's business.** Defendant had no undue hardship by allowing Plaintiff to continue as in her job description.

16. Plaintiff was intentionally treated differently from other employees by the Defendant because of her religion.

A. Plaintiff was denied her Unemployment Benefits while their employee Danny Smith. "Exhibit" E located in the Plaintiffs Pre-discovery Disclosure.

4

B. Plaintiff was not given her discount card after being
terminated after working 25 years. Defendant former employee
Angie Mulvaney, after working 18 years and was terminated by
Defendants but was given her discount card. Both issues are
unlawful acts of retaliation towards plaintiff for opposing
employment practices that discriminate based on her Religion.
Introducing "Exhibit" H

17. Plaintiff was caused financial burden by Defendant wrongful
termination of $7,029.00 to the IRS for loan taken against her
401k. If not for the Defendants termination of Plaintiff she
would not have had to pay the IRS.

## CLAIM 2

18. This action arises under 10 U.S.C. § 923: Forgery
On August 16, 2011 Plaintiff was told by Salon Manager Esther
Diaz that she signed the OIP and SBE documents in 2010.

19. EEOC obtained a copy of the certificate of Compliance during
their investigation in which forgery had been committed in the
form of an electronic signature against the Plaintiff. The
Policy being signed in 2010 was not deemed a condition of
employment. In the policy being signed against the plaintiffs
will impose legal liability; changed Plaintiffs legal rights to
her injustice. "Exhibit" C, located in the Plaintiffs Pre-
discovery Disclosure.

20. Plaintiff had informed the Defendants and others that she
would not sign her rights away before and after the forgery.
"Exhibit" B and C, located in the Plaintiffs Pre-discovery
Disclosure.

21. The Manager had the ability to sign documents for the
Plaintiff and the other employees. "Exhibit" C, in the
Plaintiffs Pre-discovery Disclosure

## CLAIM 3

21. This Action arises under Employee Retirement Income Security
Act of 1974(ERISA), (29 U.S.C §§ 1001). Plaintiff is entitled to
pension benefits under the J.C. Penney Pension Class Action.
22. Plaintiff received a statement after her wrongful
termination stating her recalculated pension benefit under the
J.C. Penney class action settlement agreement has been provided
to the Plan and was used in the determination of your pension
benefit described in this package. The statement was the only
information given concerning the Settlement since it was
awarded. "Exhibit" 6, located in the Plaintiffs Brief
23. Plaintiff called Defendants benefit line on numerous
occasions along with her financial adviser Miss. Diane Lamb.
August 28, 2012 Plaintiff requested the information concerning
her personal Pension Plan Benefits information. The Defendants
did not provide the Plaintiff with the information after
numerous requests.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant.
A.  That the Defendant Our integrity Promise and Statement of
Business ethic is deemed discriminating, unlawful as it exacts a

1  lifelong duty of loyalty to the Defendants beyond specification
2  by law.
3  B. Plaintiff prays for a declaratory judgment, that the signed
4  policy is unenforceable against Plaintiff.
5  C. Plaintiff prays the court enforce ERISA regarding
6  Plaintiffs entitled pension benefits for her Class Action
7  Pension benefits.
8  **[I]f your claim for a pension benefit is denied or ignored, in**
9  **part, you have a right to know why this was done, to obtain**
10  **copies of documents relating to the decision without charge and**
11  **to appeal any denial, all within certain time schedules.**
12  **Under ERISA there are steps you can take to enforce the above**
13  **rights. For instance, if you request a copy of plan documents or**
14  **the latest annual report from the Pension Plan and do not**
15  **receive them within 30days, you may file suit in a federal court**
16  **in such a case, the court may require the Defendant Plan**
17  **Administrator to provide materials and pay Plaintiff up to $110**
18  **a day until You receive the materials, unless the materials were**
19  **not sent because of reasons beyond the control of the Plan**
20  **Administrator.**
21  D. Plaintiff prays for maximum limit of $110 a day from August
22  28, 2012 until received.
23  E. Plaintiff prays that the Defendants are required to release
24  Plaintiffs discount card.
25  F. Plaintiff prays that she be given financial compensation for
26  not being given usage of her discount card from the date of
27  termination until received.
28

7

G. Plaintiff prays that the Defendant reimburse her for all monies she lost due to her wrongful termination.

H. Plaintiff prays for back pay, compensation for lost benefits, compensatory damages, punitive damages, torts, filing fees and all other equitable relief that this Court deems just.

I declare under penalty of perjury that the allegations in the Amended Complaint are true.

Verlean E. Macon in Pro Se

Verlean E. Macon
2801 Midwood Ave
Toledo, Oh 43606
(419-472-1774)

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25ᵗʰ day of November, 2013, a copy of the foregoing Amended Complaint was filed with the Clerk of Court in person and by regular mail upon the following:

Attorneys

Melinda Y. Balli

Eve M. Ellinger

Paul L. Bittner

J.C. Penney

6501 Legacy Drive, MS 1122

Plano, TX 75024


_Verlean E. Macon_

Verlean E. Macon Pro Se

9