UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Verlean E. Macon,                                 Case No. 3:12-cv-02826

        Plaintiff

    v.                                          MEMORANDUM OPINION
                                                   AND ORDER

J.C. Penney Company,

        Defendant

## I.         Introduction and Background

Defendant J.C. Penney Corporation, Inc. ("JCPenney"), seeks dismissal of Plaintiff Verlean Macon's amended complaint under Rule 12(b)(6), for failure to state a claim on which relief may be granted. (Doc. No. 35). Macon opposes. (Doc. No. 36). For the reasons stated below, I conclude Macon fails to present sufficient factual allegations to state a plausible claim for relief, and grant JCPenney's motion to dismiss.

Macon began working as a hair stylist for JCPenney in 1986. She held several different job titles at JCPenney stores in three states until August 2011, when she was terminated for refusing to sign acknowledgment forms for two JCPenney policies – one titled "Statement of Business Ethics" and the other titled "Our Integrity Promise." Macon believed signing these forms would force her to violate her religious beliefs and practices, including her belief that she is religiously obligated to write and publish her life experiences. Macon asserts JCPenney discriminated against her on the basis of her religion, including by failing to accommodate her religious practices. Macon also alleges a supervisor at JCPenney forged her signature and that JCPenney violated its duties under the Employee Retirement Income Security Act ("ERISA").

## II.         Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must present sufficient factual allegations to state a cause of action which rises above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's claims must be facially plausible, a standard which the plaintiff meets by pleading facts that support a reasonable inference that the defendant is liable for the misconduct the plaintiff alleges. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must assume all of the complaint's factual allegations are true, though legal conclusions couched as factual allegations are not entitled to this presumption. *Twombly*, 550 U.S. at 555.

Courts will liberally construe complaints filed by pro se parties when determining whether a complaint fails to state a claim upon which relief may be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In some cases, liberal construction "requires active interpretation" to construe a pro se pleading "'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)); *see also Erwin v. Potter*, 79 F. App'x 893, 896 (6th Cir. 2003) (applying *Franklin*'s active interpretation standard to infer a claim under the Age Discrimination in Employment Act). There are limits to this liberality, however, as even pro se pleadings must "provide the opposing party with notice of the relief sought . . . ." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (affirming dismissal of pro se plaintiff's complaint as lacking "any suggestion of a cause of action").

### III. Analysis

#### A. Religious Discrimination

Title VII of the Civil Rights Act prohibits employers from terminating the employment of, or otherwise discriminating against, any individual because of that individual's religion. 42 U.S.C. § 2000e-2(a). The statute defines "religion" to include "all aspects of religious observance and practice, as well as belief," unless an employer could not reasonably accommodate an employee's religious observance or practice without experiencing undue hardship. 42 U.S.C. § 2000e(j). Thus, Title VII identifies and prohibits two different types of religious discrimination – discrimination on

the basis of belief and discrimination on the basis of religious observance or practice. Macon alleges JCPenney discriminated against her (1) on the basis of her beliefs by denying her certain benefits afforded to other former employees and (2) by terminating her after failing to accommodate her religious observance or practice.

### 1. Discrimination on the Basis of Religious Beliefs

An employer is liable under Title VII if an employee can show she was discharged or discriminated against because of that employee's religious beliefs. *See, e.g., Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 627-28 (6th Cir. 2000) (distinguishing religious disparate treatment claims from reasonable accommodation claims). A plaintiff may prove discrimination in violation of Title VII through direct or circumstantial evidence. *Id.* at 625 (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992)). To survive a motion to dismiss, a plaintiff must plead a claim for relief that is facially plausible, but need not allege a prima facie case under *McDonnell Douglas*. *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) and *Twombly*, 550 U.S. at 570); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("The Supreme Court's . . . decisions in *Twombly* and *Iqbal* did not alter its holding in *Swierkiewicz*.").

Macon alleges JCPenney "intentionally treated [her] differently from other employees . . . because of her religion," when she was denied unemployment benefits as well as a JCPenney employee discount card after she was terminated. (Doc. No. 32 at 4-5). These allegations fall short of the Supreme Court's admonition that a plaintiff must offer "more than labels and conclusions" in order to state a plausible, rather than speculative, claim for relief. *See Twombly*, 550 U.S. at 555. While Macon alleges she was treated differently from other terminated JCPenney employees, she offers no factual allegations to support the discriminatory inference she draws from this different treatment. *See, e.g., Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (courts are "not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint") (citing *Keys*, 684 F.3d at 610 and *Iqbal*, 556 U.S. at 678).

Macon's complaint also may be construed to assert she was terminated because her religious belief that she is not to take oaths or make promises prohibited her from signing the Statement of Business Ethics and Our Integrity Promise forms. Macon concedes, however, that signing these forms was a condition of employment for every JCPenney employee. (Doc. No. 32 at 3-4). Thus, this claim also fails, as Macon does not explain how her religious beliefs motivated the enforcement of this employment condition, or allege that she was treated differently than non-Christian employees who did not sign the forms.

**2. Failure to Accommodate Religious Practice**

Macon also alleges JCPenney failed to agree to a reasonable accommodation for her religious observance or practices, as JCPenney is required to do under Title VII unless the accommodation would cause undue hardship. *See Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 73-74 (1977). Construing her complaint liberally, Macon alleges she notified JCPenney that signing the two forms would violate her religious belief that she is not to take oaths or make promises and, consequently, her religious duty to write and publish her testimony about her life and religion. (Doc. No. 32 at 4, Doc. No. 32-1 at 2). Macon also requested that JCPenney's legal department provide her with an affidavit clarifying that she did not need to sign the forms or the forms did not prevent her from writing her autobiography. (Doc. No. 12 at 8; Doc. No. 32 at 4).

Her claims fail because she does not allege sufficient facts to support a plausible claim that JCPenney denied her a reasonable accommodation. Macon's initial contention – that she should not have to sign the forms at all even though JCPenney required every employee to do so – is not supported by case law. *See McDaniel v. Essex Int'l, Inc.*, 571 F.2d 338, 344 (6th Cir. 1978) ("In enacting section [2000e(j)] Congress explicitly required a balancing between the religious needs of the individual and the legitimate business needs of an employer.").

Moreover, her pleadings show Macon did not even respond to JCPenney's initiation of the accommodation process. Macon admits JCPenney informed her that she could submit a "disclosure" concerning the conflict between her religious practice (i.e., her writing) and the

Statement of Business Ethics and Our Integrity Promise forms.  (Doc. No. 32-1 at 2; Doc. No. 32 at 4).  This undermines Macon's allegations that JCPenney ignored her request for an affidavit exempting her religious practice and refused to accommodate her religion.  *See Smith*, 827 F.2d 1081, 1085 (6th Cir. 1987) ("employee must make some effort to cooperate with an employer's attempt at accommodation").  Macon's apparent unwillingness to work together with JCPenney in, or even to respond to, its request for a written explanation of her objections as an initial step in the accommodation process rendered an accommodation impossible.  *Weeden v. Frank*, 16 F.3d 1223, at *2 (6th Cir. 1994) (unpublished opinion) ("When an employee 'will not attempt to accommodate his own beliefs through the means already available to him or cooperate with his employer in its conciliatory efforts, he may forego the right to have his beliefs accommodated by his employer.'" (quoting *Chrysler Corp. v.Mann*, 561 F.2d 1282, 1286 (8th Cir. 1977)).  The amended complaint includes only conclusory allegations that JCPenney refused to accommodate Macon's religious observance or practice.  As a result, Macon fails to state a plausible claim for religious discrimination.  *Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-236 (3d ed. 2004) (alterations in original)).

   **B.  Forgery**

Macon alleges someone from JCPenney forged her electronic signature on the Statement of Business Ethics and Our Integrity Promise forms in 2010 and that this "changed [her] legal rights to her injustice."  (Doc. No. 32 at 5).  As JCPenney notes, Macon may not proceed with a claim for forgery under 10 U.S.C. § 923 or as a criminal violation.  (Doc. No. 35 at 8-9; Doc. No. 39 at 2).

Ohio courts have recognized forgery as a variant of the invasion of privacy tort.  *See James v. Bob Ross Buick, Inc.*, 855 N.E.2d 119, 122 (Ohio Ct. App. 2006) (forgery constitutes "appropriation, for the defendant's advantage, of the plaintiff's name") (quotations and citations omitted).  Under Ohio law, the "appropriation of the benefits associated with [a] person's identity" is actionable.

*Zacchini v. Scripps-Howard Broad. Co.*, 351 N.E. 2d 454, 458 (Ohio 1976) (*rev'd on other grounds*, 433 U.S. 562 (1977)).

Macon's allegations are not sufficient to state a common-law claim for invasion of privacy, as her conclusory allegations that the forgery of her electronic signature "will impose legal liability [on her]" or "changed [her] legal rights" have no factual basis. *See Iqbal*, 556 U.S. at 678 (A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions devoid of further factual enhancement." (quotations and citations omitted)). Macon fails to state a plausible claim that JCPenney committed or is liable for the misconduct she alleges.

### C. ERISA

Macon alleges JCPenney violated its obligations under ERISA because JCPenney did not comply with her request for information regarding her pension benefits despite numerous requests. A pension plan administrator's duty to furnish plan documents to a plan participant or beneficiary is triggered only upon "written request." 29 U.S.C. § 1024(b)(4). Macon's allegation that she requested information about her plan benefits during numerous calls to JCPenney's benefit line does not trigger JCPenney's statutory obligation to produce plan documents. *Cf. Cultrona v. Nationwide Life Ins. Co.*, --- F.3d ---, 2014 WL 1378131, at *6 (6th Cir. April 9, 2014) ("The list of documents that a plan administrator must furnish to a participant or beneficiary <u>upon written request</u> is set forth in 29 U.S.C. § 1024(b)(4).") (emphasis added). Macon fails to state a claim for an ERISA violation.

### IV. Conclusion

For the reasons stated above, JCPenney's motion to dismiss Macon's complaint pursuant to Rule 12(b)(6) is granted because Macon fails to allege a claim upon which relief may be granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge